ORDER

PER CURIAM.
Annette Davis responds to the court’s order directing her to show cause why her appeal should not be dismissed as untimely.
The certified list of docket entries of the United States Court of Appeals for Veterans Claims in Davis v. Principi, No. 02-331, 19 Vet.App. 86, 2004 WL 3186656, reflects that the judgment affirming the decision of the Board of Veterans’ Appeals was entered on December 21, 2004. The list further reflects that Davis filed her notice of appeal on August 22, 2005.
An appeal from a decision of the Court of Appeals for Veterans Claims must be filed within 60 days of entry of judgment. See 38 U.S.C. § 7292(a); Fed. R.App. P. 4(a)(1). In this case, the notice of appeal was due no later than February 22, 2005. Because Davis’s notice of appeal was filed on August 22, 2005, 244 days after entry of judgment, it is untimely.
Davis explains that she filed a timely notice of appeal in the wrong court, the United States Court of Appeals for the Eighth Circuit, on February 17, 2005. It appears that the Eighth Circuit did not docket her appeal and returned it to her on July 18, 2005. Davis subsequently filed a second notice of appeal in the Court of Appeals for Veterans Claims on August 22, 2005, and that appeal is presently before the court. Davis argues that the delay in this case has not prejudiced the Secretary of Veterans Affairs and requests that the *952 court consider her appeal timely based on these circumstances.
The time limit for filing a notice of appeal is jurisdictional. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (“It is well settled that the requirement of a timely notice of appeal is ‘mandatory and jurisdictional.’ ” (citation omitted)). Thus, Davis’s failure to file timely a notice of appeal may not be waived. See Oja v. Army, 405 F.3d 1349, 1358 (Fed.Cir.2005) (time provisions of Fed. R.App. P. 4(a) are not subject to equitable tolling). Therefore, the appeal must be dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) Davis’s appeal is dismissed.
(2) Each side shall bear its own costs.
(3) All pending motions are moot.